UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAVERE LEE-BRYANT,

        Plaintiff,        Case No. 2:08-cv-234

v.        Honorable R. Allan Edgar

GARY SCHERTZ et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). On January 6, 2007, Sergeant Gary Schertz approached Plaintiff's cell door. Plaintiff was sitting at his desk writing. Sergeant Schertz issued a false major misconduct report for failure to obey a direct order, alleging that Plaintiff had rolled up his mattress and was using it to lift weights. When Officer Schertz ordered Plaintiff to unroll the mattress, Plaintiff replied "write the ticket Schertz, I'm not listening to you." Schertz also prepared a Restriction of Segregation Property and Privileges Form, which resulted in officers confiscating Plaintiff's mattress and providing him with only a single blanket. At the hearing on the misconduct report, Plaintiff denied the charge and two inmates testified on Plaintiff's behalf. The Hearing Officer concluded that Plaintiff's words alone did not establish that he actually disobeyed a order. The Hearing Officer dismissed the charge. Plaintiff filed a grievance regarding the temporary confiscation of his mattress, which was denied.

Plaintiff brings this action against AMF employees Sergeant Schertz, Sergeant Rondeau, Curtis Rife, Lloyd Rapelje, and David Bergh, and Michigan Department of Corrections Manager of Prison Affairs James Armstrong. Plaintiff claims that Defendants Schertz and Rondeau conspired to prosecute Plaintiff based on an alleged infraction of a policy directive rather than an administrative rule, which resulted in a jurisdictional defect that violated Plaintiff's due process and equal protection rights. He further claims that Defendants Dwight, Rapelje, Berg and Armstrong conspired to obstruct the due course of justice in violation of Plaintiff's due process rights. His final claim is that he was pursuing litigation, which motivated Defendants to retaliate against him by filing

and finding him guilty of false misconduct reports in violation of his First Amendment rights. For relief, he seeks monetary damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. Equal Protection

Plaintiff claims that, in violation of his equal protection rights, Defendants Schertz and Rondeau conspired to prosecute him based on an alleged infraction of a policy directive rather than an administrative rule. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV. This is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1997). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id*. at 265-66. In order to be entitled to strict scrutiny, a plaintiff must demonstrate that he was victimized by some suspect classification. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). Prisoners, however, are not members of a protected class for equal protection purposes, *see Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), nor does Plaintiff claim that Defendants treated him unfairly because of his membership in a protected class. Therefore, Plaintiff is not entitled to strict scrutiny.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection

claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff fails to allege any facts demonstrating that he was treated differently than other similarly situated prisoners. Plaintiff's equal protection claim is based solely on his unsupported allegation that his equal protection rights were violated. Accordingly, Plaintiff's equal protection claim must be dismissed.

B. Due Process

Plaintiff claims that Defendants Schertz and Rondeau conspired to prosecute him based on an alleged infraction of a policy directive rather than an administrative rule. Section 1983 provides a remedy for the violation of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Defendants' alleged failure to charge Plaintiff with a policy violation rather than an administrative rule does not itself rise to the level of a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Moreover, Plaintiff's claim that the Hearing Officer lacked jurisdiction over the misconduct charge has no merit. Pursuant to state statute, the Hearing Division of the Michigan Department of Corrections has jurisdiction over major misconduct hearings that may result in punitive segregation, administrative segregation, loss of disciplinary credits, or loss of good-time. *See* MICH. COMP. LAWS § 791.251(2) and (3).

When a prisoner faces the loss of good time credits, due process requires that a prisoner receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing. *See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988). Plaintiff does not allege that he did not receive a fair hearing, and he was found not guilty of the charges. As such, his due process rights were not violated and he may not maintain a § 1983 action for the allegedly false misconduct report. *See Jackson v. Madery*, 158 F. App'x 656, 663 (6th Cir. 2005). Plaintiff has failed to state a due process claim.

### C. Retaliation

Plaintiff's final claim is that he was pursuing litigation, which motivated Defendants to retaliate against him by filing false misconduct reports in violation of his First Amendment rights. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's

alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).

Plaintiff's factual allegations fail to satisfy the *Thaddeus-X* test. Plaintiff does not identify the litigation that he was purportedly pursuing and that allegedly caused Defendants to retaliate against him. A review of the Court's records shows that Plaintiff has filed ten cases in the Western District of Michigan. The cases brought against any of the same Defendants named in this case were filed after the January 6, 2007 incident that he complains of in this action. Because Plaintiff's allegations fail to demonstrate that he was engaged in protected conduct when Defendant Schertz issued the major misconduct report, he does not allege a causal connection between

protected conduct and the harm he is complaining about. Accordingly, Plaintiff's retaliation claim must be dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: 12/1/08 /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE